UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<span style="font-variant:small-caps">homas</span> B<span style="font-variant:small-caps">rown</span>,

  Plaintiff,             Hon. Robert J. Jonker

v.                   Case No. 1:23-cv-1250

C<span style="font-variant:small-caps">ommissioner of</span>
S<span style="font-variant:small-caps">ocial</span> S<span style="font-variant:small-caps">ecurity</span>,

  Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 49 years of age on his alleged disability onset date. (PageID.33). Plaintiff successfully completed high school and worked previously as a store laborer, fast food cook, insurance clerk, and insurance sales representative. (PageID.33). Plaintiff applied for benefits on July 8, 2021, alleging that he had been disabled since November 1, 2020, due to hypertension, chronic pain, arthritis in his right shoulder, ruptured disc in his back, back pain which radiated into his lower extremities, an inability to lift more than 20 pounds, and difficulty sitting, standing, and walking. (PageID.28, 265).

Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Dennis Raterink, in an opinion dated July 17, 2023, determined that Plaintiff did not qualify for disability benefits. (PageID.28-35, 55-89). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. ¶¶ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. ¶¶ 404.1520(a), 416.920(a). The regulations also

provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. ¶¶ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from (1) degenerative disc disease in the lumbar spine; (2) peripheral neuropathy; and (3) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.30-31).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he requires a sit/stand option that enables him to alternate between standing for 10 minutes and sitting for 20 minutes; (2) he can stand and walk, in

combination, for no more than 4 hours daily; (3) he cannot climb ladders, ropes, or scaffolds; (4) he can occasionally stoop, kneel, crouch, balance, and climb ramps and stairs; (5) he cannot work at unprotected heights or with moving mechanical parts; and (6) he can occasionally work with vibration and in extreme cold.  (PageID.31).

The ALJ found that Plaintiff was unable to perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, his limitations notwithstanding.  *O'Neal*, 799 Fed. Appx. at 316.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.

In this case, a vocational expert testified that there existed approximately 64,000 jobs in the national economy which an individual with Plaintiff's RFC could perform.  (PageID.79-89).  This represents a significant number of jobs.  *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").  Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

I.    **Residual Functional Capacity**

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations."  *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her

ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). Plaintiff argues that he is entitled to relief because the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ "failed to account for all [of Plaintiff's] limitations and further inserted his own lay medical opinion." (ECF No. 10 at 11).[1]

With respect to his functional limitations, Plaintiff argues that the ALJ failed to include the following limitations in his RFC: (1) he can only occasionally reach overhead with his right upper extremity; and (2) he can never crawl. (ECF No. 10 at 11-12).

Taking the latter argument first, Plaintiff faults the ALJ for failing to adopt the opinion of consultants that he can never crawl. (PageID.97, 117). While the ALJ did not expressly state that Plaintiff was unable to crawl, neither did the ALJ conclude that Plaintiff could crawl. The ALJ found that Plaintiff could perform light work subject to the limitations identified above. The definition of light work contains no mention or reference to crawling. *See* 20 C.F.R. ¶¶ 404.1567, 416.967. In short, the ALJ's RFC assessment is silent on the matter.

Moreover, as Defendant correctly observes, none of the jobs identified by the vocational expert require crawling. *See* Information Clerk, Dictionary of Occupational Titles, 237.367-018, 1991 WL 672187; Mail Clerk, Dictionary of

---

[1] Neither Plaintiff's initial brief nor reply brief are identified by PageID numbers. Thus, the Court will cite to such in this manner.

Occupational Titles, 209.687-026, 1991 WL 671813; Office Helper, Dictionary of Occupational Titles, 239.567-010, 1991 WL 672232.

In sum, the ALJ's RFC assessment is not inconsistent with the consultant's opinions cited by Plaintiff. Furthermore, even if such were the case, any such error is harmless as none of the jobs relied on by the ALJ requires crawling. Accordingly, this argument is rejected.

Plaintiff's argument that he can only occasionally reach overhead with his right upper extremity is not supported by the evidence. The ALJ noted that Plaintiff testified that he injured his right shoulder playing sports in high school. (PageID.32, 76). As the record indicates, however, despite his right shoulder injury, Plaintiff worked for approximately seven years at Wal-Mart and McDonalds stocking shelves and freezers. (PageID.283-85). Plaintiff reported that as part of these jobs, he lifted and carried items weighing as much as 50 pounds. (PageID.284-85). There is nothing in the record indicating that Plaintiff has received treatment for an injury to his right shoulder or right upper extremity. The ALJ's decision not to limit Plaintiff to occasional overhead reaching with his right upper extremity is supported by substantial evidence. This argument is, therefore, rejected.

Finally, Plaintiff argues that the ALJ improperly "inserted his own lay medical opinion." (ECF No. 10 at 13-14). The Court is not persuaded. On January 10, 2023, x-rays of Plaintiff's right foot revealed the presence of "large calcaneal spurs." (PageID.646). Plaintiff argues that because the ALJ failed to arrange for Plaintiff to undergo a "consultive examination" to assess the condition of

his foot, any consideration by the ALJ of the results of these x-rays constitutes an improper medical opinion.

Plaintiff is correct that "an ALJ is not a physician and cannot interpret raw medical data to formulate an RFC." *Luginbuhl v. Commissioner of Social Security*, 2020 WL 1501913 at *5 (W.D. Mich., Mar. 30, 2020). But, as the Sixth Circuit has recognized, there exists an important distinction between an ALJ interpreting an x-ray for himself and relying on a medical professional's interpretation of such. *See, e.g., Rudd v. Commissioner of Social Security*, 531 Fed. Appx. 719, 727 (6th Cir., Sept. 5, 2013) ("the ALJ did not interpret raw medical data beyond her ability [because] [t]he x-rays. . .had already been read and interpreted by a radiologist"). The x-rays of Plaintiff's right foot were interpreted by a physician. (PageID.646). Accordingly, this argument is rejected.

Finally, Plaintiff appears to argue that the ALJ failed to "fully develop the record." (ECF No. 10 at 14). In making this argument, however, Plaintiff fails to identify any item of evidence which the ALJ failed to consider or which was not included in the administrative record. Rather, Plaintiff merely argues that the ALJ should have weighed the evidence differently.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18,

2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

This is precisely what the ALJ did and the ALJ's RFC assessment is supported by substantial evidence. Plaintiff's argument that the ALJ should have weighed and evaluated the evidence differently not grounds for relief, however. Accordingly, this argument is rejected.

## II. Plaintiff's Subjective Allegations

At the administrative hearing, Plaintiff reported that he was more limited than the ALJ recognized in his RFC assessment. (PageID.63-79). Plaintiff argues that the ALJ erred because his evaluation of Plaintiff's testimony consisted solely of the boilerplate statement that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 10 at 16).

Had the ALJ terminated his analysis at this juncture, Plaintiff's argument would possess merit. Immediately following the quoted language, however, the ALJ specifically discussed the medical evidence and why such supported his decision to discount Plaintiff's testimony. (PageID.32-33). Thus, Plaintiff is mistaken when he argues that the ALJ's assessment of his testimony rests upon improper boilerplate language. Moreover, with respect to the ALJ's actual analysis, Plaintiff

has identified no error other than to again argue that the ALJ should have weighed the evidence differently. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 31, 2024                     /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge